UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Samuel E. Lynch
5703 Colorado Avenue, NW
Washington, D.C. 20010

      Plaintiff

      v.

DISTRICT OF COLUMBIA
Serve: Muriel Bowser
Mayor of the District of Columbia
1350 Pa. Ave. N.W.
Washington, D.C. 20004

      Defendant

CASE NO:

## COMPLAINT FOR VIOLATION OF THE FIFTH AMENDEMENT'S DUE PROCESS CLAUSE AND NEGLIGENCE

Comes now Samuel E. Lynch, Lynch, by and through undersigned counsel, and sues the District of Columbia, Defendant, on the grounds hereinafter stated:

### JURISDICTION

1. This court has jurisdiction pursuant to **28 U.S.C. § 1331 and 28 U.S.C. § 1367 (a).**

### PARTIES

2. Lynch is a resident of the District of Columbia He was a resident, at all times relevant to this cause of action.

3. The Defendant is a sovereign government operating as the District of Columbia Government. Muriel Bowser is its duly elected Mayor. She was Mayor, at all times relevant to this cause of action.

1

## FACTS

4.  Logan Tax Services, Logan, filed a complaint on March 23, 2023, in the District of Columbia's Civil Division, against Lynch, seeking to foreclosure his rights to redeem his property located at: 5703 Colorado Avenue, N.W., Washington, D.C., alleging: it purchased his property, at the tax sale, pursuant to: **DC Code § 47-1375, (2012),** for Lynch's alleged failure to pay real property tax, on his property, that the District of Columbia labeled *"vacant property."*

5.  The Defendant placed Lynch's property, on the tax sale list, alleging: he failed to pay the DC Real Property Vacancy Taxes, for his property, even though he told them, his property was never vacant, because he was living in it while simultaneously rehabilitating it.

6.  Lynch, while rehabilitating his property, went to: the DC Department of Consumer and Regulatory Affairs, seeking the required work permits, to continue the rehabilitation of: his property. When he went there, he told: the Defendant's agents, servants, and/or employees, that he was living in his property, while simultaneously rehabilitating it, and he needed the required permits to continued his rehabilitation. They told him, if he wanted the permits, he must sign the vacant property form labeling his property as vacant, or he would not receive them.

7.  Lynch had to agree, because he needed the permits to continue to rehabilitate his house, while simultaneously living in it, but, the Defendant subsequently labeled Lynch's property as vacant. The real property vacancy taxes, that were assessed, against Lynch's property, weren't paid, and his property was sold at: a District of Columbia Tax Sale.

2

8. The basis, for Logan's lawsuit, is its reliance on the validity of the Defendant placing Lynch's property, on its tax sale list.

9. Lynch retained counsel to contest Logan's lawsuit. He also filed for exemptions, from the vacancy real property tax rates, on March 14, 2024, with the Defendant's Department of Buildings. **Exhibit # 1.** It was supposed to render a decision, on Lynch's exemption requests, within thirty (30) days but more than two years later, they've still failed to do so.

10. On April 30, 2025, the court held a status hearing and entered an order staying Logan's case, to allow Lynch to file a motion to cancel, the assessment and property classification, on or before May 30, 2025. **Exhibit # 2.** Lynch timely filed that motion on May 30, 2025. **Exhibit # 3.** The case was continued to July 16, 2025. **Id**.

11. The Court, during the July 16, 2025, heard arguments on Lynch's motions to dismiss and cancel. **Id**. The case was continued to; July 23, 2025. **Exhibit # 4.**

12. Lynch, during the July 23, 2025, hearing requested additional time, to continue the stay, so that the Defendant could consider, and rendered a decision, on his request for an exemption from the real property vacancy tax rates. Lynch told the Court that he also filed with the DC Real Property Tax Commission to consider his case. **Exhibit # 5**.

13. Lynch was orally told in early July of 2025, by the Defendant's, agents, servants and/or employees, while working with the scope of their employment that his exemptions, filed on March 14, 2024, were denied, and another notice would not be sent. **Exhibit # 6**

14. Lynch, on July 31, 2025, sent a letter to DOB, in response to the oral statement, that his exemption requests were denied, indicating that he's appealing that denial. **Supra Exhibit 7.**

15. The DC Real Property Tax Appeals Commission, RPTAC, on September 9, 2025, sent Lynch a notice informing him that his case would be heard on: October 8, 2025, at: 1:30pm. **Exhibit # 8**.

16. RPTAC cancelled Lynch's hearing, on September 15, 2025, because the Defendant failed to file a final denial, of Lynch's exemptions requested, in his submissions filed on: March 14, 2024, **Supra Exhibit # 1.**

17. As a result, Logan, in its lawsuit, filed a motion, to foreclose Lynch's rights of redemption. Lynch opposed it, the court granted it, on November 12, 2025, and closed the case. On December 1, 2025, Lynch filed a motion to: re-open the case, for reconsideration, for relief from judgment, or order, and to reinstate the court ordered stay, but that motion still has not been decided. **Exhibit # 10**.

18. Logan also filed a lawsuit in the District of Columbia's Landlord and Tenant Branch, on January 21, 2026, **(2026 LTB 000738**) seeking possession of Lynch's property. On February 25, 2026, Lynch filed a motion to stay, the landlord and tenant proceeding, pending a decision, on the motion he filed seeking relief from the Court's order granting the Plaintiff's motion to foreclose Lynch's redemption rights. A copy of that motion was attached to Lynch's motion to stay. **Exhibit # 11**.

19. A hearing was held, in the landlord and tenant court on March 19, 2026. During that that hearing Magistrate Judge Trafford apologized because she said, she was

4

unaware of the motion Lynch filed on December, 1, 2025, but she'd issue a ruling on it, at the April 20, 2026 hearing.

20. A hearing, on Lynch's motion, to stay, the landlord and tenant proceedings, was held on: April 20, 2026, but a ruling on his December 1, 2025 motion, that Magistrate Judge Trafford, promised a ruling, wasn't made; and Magistrate Judge Hunter presided, over that hearing.

21. On June 3, 2026, Magistrate-Judge Hunter entered a protective order, ordering Lynch, to pay Logan, $4,000.00, a month, for rent, pending the resolution of Logan's Landlord and Tenant Case. The Court also ordered a remote mediation for: January 4, 2027, and a non-jury trial, on: February 5, 2027. **Exhibit # 12**

22. The Defendant's agents, servants, and employees, while working within the scope of their employment, violated Lynch's rights, under the due process clause of the Fifth Amendment of the US Constitution, because they negligently failed to issue a ruling on his exemption request filed on March 14, 2024, that resulted in; Lynch being deprived of his property, in violation of the prohibition in the Fifth Amendment, designed to prevent a citizens loss of their property, without due process of law.

## COUNT I
## VIOLATION OF LYNCH'S RIGHTS UNDER THE THE FIFTH AMENDMENT'S DUE PROCESS CLAUSE

23. Lynch incorporates, by reference, the allegations in paragraphs 1-22, into this Court as fully as if plead herein:

24. The Fifth Amendment of the United States Constitution reads:

> *"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to*

5

*be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."*

25.  As a direct result, and proximate cause, of the Defendant's violation of Lynch's due process rights, under due process clause of the U.S. Constitution's Fifth Amendment, Lynch was deprived of a protected interest, and that he was deprived of a recognized life, liberty, or property interest, when he was deprived of his right to appeal, the denial of his exemption requests, filed on March 14, 2024, resulting Lynch's loss of his property, in violation of his due process rights, that were abridged under the Fifth Amendment's Due Process Clause.

**Wherefore the premises considered**, Lynch demands judgment, against the Defendant, in the amount of: $1,000,000,00, in compensatory damages, and any other relief this Court finds just and proper.

## COUNT II
## NEGLIGENCE

26.  Lynch incorporates, by reference, the allegations in paragraphs: 1-25, into this count as fully as if plead herein.

27. The Defendant owed Lynch a duty to: issue a ruling on his exemption requests filed on March 14, 2024, but it failed to do so, breaching its duty,  and as a result, of that breach, it prevented Lynch from contesting the procedure that caused him the loss of his property because the Defendant's agents, servant, and employees negligently, failed to issue a ruling, on his exemption request filed on March 14, 2024, that if timely issued, it would have allowed him to argue before the RPTAC, against the order causing his to lose his property..

**Wherefore the premises considered**, Lynch demands judgment, against the Defendant, and DOB, in the amount of: $1,000,000,00, in compensatory damages, and another relief this Court finds just and proper.

## JURY DEMAND

28. The Plaintiff demands a trial by jury.

Respectfully submitted,

Wendell C. Robinson, 377091
7600 Georgia Ave. N.W. Suite 203
Washington, D.C. 20012
202-223-4470 Phone, 202-726-9060 Fax
Grindstonelaw@aol.com